IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNIVERSITY OF WISCONSIN
HOSPITALS AND CLINICS AUTHORITY,

                      Plaintiff,                  OPINION & ORDER

  v.                                                   15-cv-286-wmc

AETNA HEALTH & LIFE INSURANCE
COMPANY and AETNA HEALTH
INSURANCE COMPANY,

                      Defendants.

---

In what has become a familiar refrain in this court of late, plaintiff University of Wisconsin Hospitals and Clinics Authority asserts breach of contract and related claims against defendants Aetna Health & Life Insurance Company and Aetna Health Insurance Company based on defendants' denial of plaintiff's claim of payment for medical services provided to its insured. Defendants removed this action from state court on the basis of federal question jurisdiction, 28 U.S.C. § 1331, asserting that plaintiff's state law claims are completely preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq*. (Not. of Removal (dkt. #1) ¶¶ 6, 11-14.) Plaintiff subsequently conceded this point, effectively withdrawing its state law claims.[1]

Before the court is defendants' motion to dismiss on the basis that plaintiff's claims fail as a matter of law under an anti-assignment provision in the ERISA plan at

---

[1] Because UWHCA filed suit in state court before this court issued a series of decisions finding that its state law claims were preempted by ERISA, the court will not sanction plaintiff. At the same time, UWHCA remains on notice that continuing to force defendants to remove purported state law claims completely preempted by ERISA will likely result in sanctions in light of the unnecessary expenditures of time and resources of the state and federal courts and the opposing party.

issue.  (Dkt. #7.)  Since the plan at issue in this case does *not* contain an anti-assignment provision, the court will deny defendants' motion to dismiss, while also warning plaintiff to consider whether its claims can survive summary judgment in light of this court's opinion issued today in *Univ. of Wis. Hosp. & Clinics Auth. v. Aetna Health & Life Ins. Co.*, No. 14-cv-779-wmc (W.D. Wis. Jan. 25, 2016) (dkt. #44).

## ALLEGATIONS OF FACT[2]

### A. The Parties

Plaintiff University of Wisconsin Hospitals and Clinics Authority is a public entity created by the State of Wisconsin.  UWHCA operates a hospital in Dane County where Allison R. Fitzgerald received medical treatment.

Defendants Aetna Health & Life Insurance Company and Aetna Health Insurance Company (collectively "Aetna") are corporations that provide health insurance coverage and engage in other insurance-related business.

### B. The Policy[3]

Fitzgerald is a policy holder of a contract for health insurance with Aetna under an ERISA plan issued by M&M Corporate Services, Inc.  UWHCA is seeking to recover

---

[2] In resolving a motion to dismiss under Rule 12(b)(6), the court takes all of the factual allegations in the amended complaint as true and draws all inferences in plaintiff's favor. *Killingsworth v. HSBC Bank Nevada*, 507 F.3d 614, 618 (7th Cir. 2007).

[3] Defendants attached the pertinent policy to their motion to dismiss.  (Dkt. #8-1.)  Because the policy was referenced in plaintiff's complaint and central to its claims, the court may consider it for purposes of deciding defendants' motion to dismiss.  *See Geinosky v. City of Chi.*, 675 F.3d 743, 745 (7th Cir. 2012) ("A motion under Rule 12(b)(6) can be based only on the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice.").

benefits as an assignee under that policy. (Compl. (dkt. #1-1) ¶ 33.) Pertinent to defendants' motion, the policy contains the following language: "Coverage may be assigned only with the written consent of Aetna." (Dkt. #8-1 at p.78.) The policy also provides that "Aetna will directly pay the network provider less any cost sharing required by you." (*Id.* at p.73.)

### C. Defendants' Denial of Plaintiff's Claim Under the Policy

On or about February 21, 2014, Fitzgerald went to plaintiff's hospital to receive treatment for a medical condition. Plaintiff subsequently submitted a bill to Aetna for reimbursement for the cost of medical treatment. Defendants denied plaintiff's claim and declined to pay the bill because of plaintiff's purported failure to obtain preauthorization. Plaintiff subsequently submitted several appeals to Aetna, all of which were unsuccessful.

OPINION

Plaintiff filed claims against defendants in the Wisconsin Circuit Court of Dane County for state law claims of (1) breach of contract, (2) breach of contract implied in fact, (3) quasi contract and unjust enrichment, (4) breach of implied covenant of good faith, and (5) interest under Wis. Stat. § 628.46. Defendants then removed the suit to the United States District Court, Western District of Wisconsin, on the basis of this court's federal question jurisdiction, 28 U.S.C. § 1331.

In the notice of removal and again in the motion to dismiss, defendants contend that plaintiff's state law claims are completely preempted by ERISA. (Defs.' Br. (dkt.

#8) 3-4 (citing *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004)).) In its response to defendants' motion to dismiss, plaintiff concedes this point, agreeing that the lawsuit should go forward under ERISA. (Pl.'s Opp'n (dkt. #13) 3.) *See also McDonald v. Household Int'l, Inc.*, 425 F.3d 424 (7th Cir. 2005) (instructing district courts to consider "whether relief is possible under any set of facts that could be established consistent with the allegations" rather than "whether the complaint points to the appropriate statute").

Defendants also seek dismissal of plaintiff's ERISA claim on the basis that "the Plan's restrictions on assignments prohibit Plaintiff from pursing these claims," characterizing the restriction as an "anti-assignment" one, which is the subject of this opinion. (Defs.' Opening Br. (dkt. #8) 7-8.)[4] The relevant assignment provision, however, does *not* prohibit assignments.

In another case involving the same parties and same claims, where the court granted defendants' motion to dismiss, the plan expressly provided that "coverage and your rights under this Aetna medical benefits plan *may not be assigned*." *Univ. of Wis. Hosp. & Clinics Auth. v. Aetna Health & Life Ins. Co.*, No. 15-cv-240-wmc, slip op. at *3 (W.D. Wis. Nov. 3, 2015) (dkt. #11). This is a true *anti*-assignment provision because it deprives this court of subject matter jurisdiction, requiring dismissal at the pleading stage. *Id.* at *8-9.

Here, an assignment *is* actually contemplated, albeit only with the consent of Aetna. Accordingly, the assignment provision, coupled with the provision allowing direct

---

[4] Surprisingly, UWHCA adopts this characterization in its opposition brief. (Pl.'s Opp'n (dkt. #13) 7 n.2.) Nonetheless, the court will rely on the plain language of the provision rather than counsel's characterization of it.

payment to the medical care provider, presents a "colorable claim" for benefits that is sufficient to satisfy subject matter jurisdiction, *id.* at *7.

Whether Aetna withheld consent (and whether that withholding was proper) is a merits issue, which the court cannot decide on the pleadings alone. *Id.* For this reason, defendants' motion to dismiss plaintiff's claim for benefits under ERISA must be denied. At the same time, plaintiff is cautioned to consider whether it has a viable claim in light of this court's decision today on a motion for summary judgment in *Univ. of Wis. Hosp. & Clinics Auth. v. Aetna Health & Life Ins. Co.*, No. 14-cv-799-wmc (W.D. Wis. Jan. 25, 2016) (dkt. #44), at least without Aetna's consent or an amendment substituting the true plaintiff in interest.

## ORDER

IT IS ORDERED that:

(1) Defendants' motion to dismiss (dkt. #7) is GRANTED IN PART as to plaintiff's state law claims, but DENIED IN ALL OTHER RESPECTS.

(2) The parties' stipulation to strike dispositive motion and pretrial deadlines (dkt. #16) is GRANTED. The court will set a scheduling conference to reset these dates.

Entered this 25th day of January, 2016.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge